STROUD, Judge.
Defendant appeals judgment convicting him of failing to register as a sex offender. As the State concedes the evidence was insufficient, we vacate the judgment.
I. Background
On or about 22 July 2013, defendant was indicted for failing to register as a sex offender. Thereafter, on or about 7 October 2013, defendant was indicted for attaining the status of habitual felon. During defendant's trial, two witnesses testified on behalf of the State. The first witness was defendant's supervising parole officer who testified that though defendant had on more than one occasion previously registered as a sex offender within three business days as required by law, defendant eventually refused to register after he was released from incarceration after a parole violation, stating that he was already registered and nothing had changed. The second witness was a detective with the Surry County Sheriff's Office who testified that he went to a magistrate for an arrest warrant due to defendant's failure to register within three business days of being released from incarceration, although he too noted defendant had previously registered. After all of the evidence was presented the trial court held a charge conference, noting it would instruct the jury regarding whether defendant "failed to register in person with the Sheriff's Office in the county of the defendant's residence within three business days of the defendant's release from a penal institution." The jury found defendant guilty of both counts against him; thereafter, the trial court sentenced defendant. Defendant appeals.
II. Motion to Dismiss
Defendant made a motion to dismiss during his trial which the trial court denied. The State contends that defendant's argument regarding his motion to dismiss is not preserved because the motion was not "specific" enough. We find the State's contentions to be without merit. Before defendant's trial even began, he discussed with the trial court that he felt his case should be dismissed because he had "two certified letters stating that I am registered for the past year." Thereafter, defendant's attorney made a motion to dismiss at the close of the State's evidence because "the State has not proved the elements[.]" Both in and out of context, it is obvious to this Court that defendant had previously registered as a sex offender, and thus believed he should not have to keep registering upon releases from incarceration due to parole violations; this argument is quite "specific[,]" and thus we will review it.
"Defendant contends that his "motion to dismiss should have been allowed in that the requirement that one register within three days of release from a penal institution was not intended to apply to him, as he was only required to 'maintain' his registration." (Original in all caps.)
This Court reviews the trial court's denial of a motion to dismiss de novo.Upon defendant's motion to dismiss, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.
State v. Larkin,--- N.C.App. ----, ----, 764 S.E.2d 681, 689 (2014) (citations and quotation marks omitted), disc. review denied,--- N.C. ----, 768 S.E.2d 841 (2015). The State concedes the evidence was insufficient because North Carolina General Statute § 14-208.11(a)(1), the subsection which the State proceeded under at trial, logically applies only to individuals who are registering for the first time and not to defendant, who was already registered. But despite this concession, the State's argument does not stop there. The State then goes on to point out assertions made by defendant it believes to be erroneous, and then goes so far as to explain other criminal offenses "[d]efendant could have beencharged with" due to what had "likely" happened. (Emphasis added .) We are dismayed that while acknowledging that the charges against defendant should have been dismissed, the State would present an argument that invites this Court to disregard the law because defendant could perhaps have been charged with some other criminal offense. We decline the State's invitation and vacate defendant's judgment. See generally State v. Barnett,--- N.C.App. ----, ----, 768 S.E.2d 327, 332 (2015) (vacating judgment where trial court failed to properly grant a motion to dismiss).
III. Conclusion
As we are vacating defendant's judgments, we need not address his other argument on appeal.
VACATED.
Judges BRYANT and HUNTER, JR. concur.
Report per Rule 30(e).
Opinion
Appeal by defendant from judgment entered on or about 18 November 2013 by Judge Edwin G. Wilson, Jr. in Superior Court, Surry County. Heard in the Court of Appeals 3 February 2015.